UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>NW CLASSIC BUILDERS, LLC, a Washington limited liability company; ARH & ASSOCIATES, INC., a Washington corporation; AMTRUST INTERNATIONAL UNDERWRITERS LIMITED, a foreign company; FELIPE ISRAEL RODRIGUEZ FLORES, an individual; AMERICAN FIRE AND CASUALTY COMPANY, a foreign company; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, a foreign company,<br><br>Defendants. | Case No. 2:22-cv-01454<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Evanston Insurance Company ("Evanston"), alleges as follows:

## I. Nature of Action

1. In this action, Evanston seeks declarations 1) that it has neither a duty to defend nor a duty to indemnify an additional insured, NW Classic Builders, LLC ("NW Classic"), which was sued after an accident took place during the construction of a

COMPLAINT FOR DECLARATORY JUDGMENT – Page 1
(2:22-cv-01454)

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

residential subdivision, because of an exclusion for bodily injuries arising out of the named insured's work on residential construction, and 2) that during any period of time that Evanston may be obliged to defend NW Classic, Evanston is obliged to pay only 50% of NW Classic's reasonable defense costs and that American Fire and Casualty Company ("American") is obliged to pay the other 50% of NW Classic's reasonable defense costs.

2. In the alternative, Evanston seeks declarations that 1) its duty to indemnify NW Classic is limited to only NW Classic's liability that arises out of the named insured's acts or omissions and does not extend to NW Classic's liability that arises out of its own acts or omissions, and 2) how, if it is obliged to indemnify NW Classic in addition to the named insured, ARH & Associates, Inc. ("ARH"), it should make any indemnity payments – on behalf of NW Classic first, on behalf of ARH first, or on behalf of both simultaneously pursuant to some ratio.

## II. Parties

3. Evanston is incorporated under the laws of the State of Illinois and has its principal place of business in Illinois. It is an insurance company that issues insurance policies in the State of Washington and elsewhere.

4. NW Classic is a limited liability company organized under the laws of the State of Washington, having its principal place of business located in Mercer Island, King County, Washington. The individual members of NW Classic are all citizens of the State of Washington.

5. AmTrust International Underwriters Limited ("AmTrust"), on information and belief, is and was a foreign entity and insurer which is in the business of issuing insurance policies in the State of Washington and elsewhere. AmTrust issued an insurance policy to NW Classic, which lists NW Classic as the named insured.

///

COMPLAINT FOR DECLARATORY
JUDGMENT – Page 2
(2:22-cv-01454)

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

6. ARH is incorporated under the laws of the State of Washington. ARH is the named insured under this Evanston insurance policy. ARH may be affected by the result of the declarations sought in this complaint.

7. Felipe Israel Rodriguez Flores ("Flores") is and was a citizen of the State of Washington. Mr. Flores was injured during the construction of a residential subdivision and brought a personal injury lawsuit entitled *Felipe Israel Rodriguez Flores v. NW Classic Builders, LLC, et al*., in the Superior Court of the State of Washington for King County, Case No. 19-2-29887-1 SEA ("Underlying Lawsuit"). Both NW Classic and ARH are parties in the Underlying Lawsuit. Flores may be affected by the result of the declarations sought in this complaint.

8. American is a New Hampshire corporation whose principal place of business is in Massachusetts, which is in the business of issuing insurance policies in the State of Washington and elsewhere. American issued an insurance policy to Pro Grade Enterprises Inc., and is providing a defense to NW Classic in the Underlying Lawsuit as an additional insured and subject to a reservation of rights.

9. National Union Fire Insurance Company of Pittsburgh ("National Union") is a Pennsylvania corporation whose principal place of business is in New Jersey, and is in the business of issuing insurance policies in the State of Washington. National Union issued a commercial excess liability policy to ARH. National Union may be affected by the result of the declarations sought in this complaint.

### III.   Jurisdiction and Venue

10. This Court has subject matter jurisdiction over this action pursuant to the diversity statute, 28 U.S.C. § 1332(a)(2), because there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. The Evanston Policy at issue

/ / /

COMPLAINT FOR DECLARATORY JUDGMENT – Page 3
(2:22-cv-01454)

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

has per-occurrence limits of $1 million and the Underlying Lawsuit seeks damages in excess of $1 million.

11. This Court also has jurisdiction over this declaratory relief action pursuant to 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57, since an actual justiciable controversy exists between Evanston and NW Classic and its insurer AmTrust.

12. Venue is appropriate in this Court because, pursuant to 28 U.S.C. § 1391(b)(2), a substantial part of the events or omissions giving rise to the action occurred in this judicial district. The Underlying Lawsuit and accident also took place within this judicial district and the insurance policy at issue was issued to ARH, in this judicial district (namely, King County, Washington).

## IV. Statement of Facts

### Underlying Accident and Lawsuit

13. On or around November 19, 2019, Mr. Flores filed a Complaint for damages in the Superior Court of the State of Washington for King County against NW Classic and others in connection with personal injuries he sustained after an accident he suffered during construction of a residential subdivision. Specifically, Mr. Flores alleges that on March 29, 2017, while nailing wooden forms for a concrete pour at the jobsite, he fell from an extension ladder and suffered severe injuries including traumatic brain injury and a lower back fracture. He alleges that NW Classic served as the general contractor and that NW Classic breached various duties on the project, including compliance with safety practices and oversight.

14. On or around December 23, 2019, NW Classic filed a third-party complaint against ARH, Mr. Flores's employer. NW Classic filed claims against ARH for contractual indemnity and breach of contract. A copy of the Underlying Lawsuit, including the original Complaint and Third-Party Complaint, are attached collectively as **Exhibit 1**.

///

COMPLAINT FOR DECLARATORY JUDGMENT – Page 4
(2:22-cv-01454)

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

**Operative Insurance Policy**

15.     ARH obtained a commercial general liability insurance policy (Policy Number 3C21166) with Evanston with a policy period of August 17, 2016 to August 17, 2017 ("Evanston Policy") and a per-occurrence bodily injury limit of $1 million.

16.     The Evanston Policy contained an additional insured endorsement, the terms of which provide, in relevant part:

> A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.
>
> However:
>
> * * * * *
>
> 2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

The schedule referenced in the foregoing text identifies these entities: "As required by written contract executed by both parties prior to loss."

17.     A contract between ARH and NW Classic executed before the loss provided, in part, that ARH would name NW Classic as an additional insured under its policy. NW Classic falls within the class of entities identified in the schedule.

18.     NW Classic qualifies as an additional insured under the terms of that additional insured endorsement in the Evanston Policy, subject to the terms, conditions, endorsements, and exclusions of the Evanston Policy.

/ / /

/ / /

COMPLAINT FOR DECLARATORY JUDGMENT – Page 5
(2:22-cv-01454)

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

### Tender to Evanston by NW Classic as Additional Insured

19. NW Classic tendered to Evanston under the Evanston Policy, demanding that Evanston defend and indemnify it in connection with the allegations in the Underlying Lawsuit.

20. Evanston agreed to provide a defense to NW Classic under a reservation of rights based on the terms, conditions, endorsements, and exclusions of the Evanston Policy, but reserved its rights to seek to withdraw from that defense.

### Evanston's Contentions Concerning Coverage for NW Classic

21. Under the terms of the Evanston Policy, "you" is defined as the named insured, here, ARH.

22. Any coverage provided to NW Classic, as an additional insured, is limited to NW Classic's liability that is caused, in whole or in part, by ARH's acts or omissions or the acts or omissions of one acting on ARH's behalf in the performance of ARH's ongoing operations for NW Classic, and does not extend to liability arising out of NW Classic's own acts or omissions.

23. An exclusion in the Evanston Policy provides, in relevant part:

> This insurance does not apply to:
>
> **Residential Construction**
>
> Any "bodily injury", "property damage" or "personal and advertising injury" arising out of "your products" or "your work" on any "residential construction."
>
> However, this exclusion does not apply to the Residential Construction Exceptions designated with an "X" in the Schedule of this endorsement. Each exception applies only to the extent of the definitions below.

There are no exceptions listed in the schedule; instead the box marked "☒ No Residential Construction Exceptions Apply" has been checked.

///

COMPLAINT FOR DECLARATORY JUDGMENT – Page 6
(2:22-cv-01454)

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

24. The Evanston Policy defines "residential construction" as:

> the construction, reconstruction, rebuilding, restoration, renovation, remodeling, repair, upgrading, improvement or refurbishing of a building or structure constructed, maintained or sold for the purpose of being used as a dwelling, inclusive of all "infrastructure" improvements in connection therewith." Residential construction" includes, but is not limited to, work performed on single or individually titled multiple family housing, including "condominiums" "cooperatives", "custom homes", "duplexes", triplexes, fourplexes, single-family detached housing, "residential tract housing", "single family home built on spec", "time-shares, and "townhouse projects". "Residential construction" does not include work performed on an "apartment structure".

25. The Evanston Policy defines "Infrastructure" as:

> the basic facilities, services, and installations needed for the functioning of a community or society, such as public streets, roads or right of ways, parking lots, sidewalks, water, sewer, gas, communications, or power lines. "Infrastructure" does not include any structure intended for habitation.

26. The Residential Construction Exclusion excludes coverage for the claims against NW Classic in the Underlying Lawsuit, because Flores's injury arose out of his work on a stormwater detention vault, part of the infrastructure for a residential housing development.

27. During any period of time when Evanston may be obliged to pay NW Classic's reasonable defense costs, Evanston is only obliged to pay 50% of those costs and American is obliged to pay the other 50% of those costs.

28. In the event Evanston is obliged to indemnify NW Classic for all or part of its liability in the Underlying Lawsuit, NW Classic is not entitled to exhaust the indemnity coverage of the Evanston Policy first, leaving the named insured, ARH, with no available limits.

///

///

COMPLAINT FOR DECLARATORY
JUDGMENT – Page 7
(2:22-cv-01454)

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

**Contentions of NW Classic, AmTrust, and American**

29. NW Classic, and its insurer, AmTrust, have asserted that NW Classic is entitled to the coverage of the Evanston Policy issued to ARH and that Evanston must pay indemnity on behalf of NW Classic first, even to the point of exhausting the entire per-occurrence limits, before Evanston is allowed to make any indemnity payments on behalf of its named insured, ARH.

30. NW Classic, its insurer, AmTrust, and American contend that NW Classic is entitled to coverage under the Evanston Policy issued to ARH for NW Classic's liability that does not arise out of ARH's acts or omissions or the acts or omissions of someone acting on behalf of ARH.

31. NW Classic, its insurer, AmTrust, and American contend that the residential construction exclusion in Evanston's policy does not apply.

32. American contends that Evanston is obliged to pay 100% of NW Classic's defense costs and that American is not obliged to pay NW Classic's defense costs.

## V. First Cause of Action

**Declaratory Judgment that Evanston Has No Duty to Defend NW Classic**

33. Evanston realleges paragraphs 1 through 32.

34. An actual controversy within the jurisdiction of the Court exists between Evanston and Defendants, NW Classic, AmTrust and American, regarding the existence and scope of coverage under the Evanston Policy with respect to the claims and damages alleged against NW Classic in the Underlying Lawsuit. Evanston contends that the residential construction exclusion, cited above, applies and excludes any coverage for the claims made against NW Classic in the underlying lawsuit; NW Classic, AmTrust and American contend the residential construction exclusion does not apply to the claims made against NW Classic in the Underlying Lawsuit.

COMPLAINT FOR DECLARATORY JUDGMENT – Page 8
(2:22-cv-01454)

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

35. Evanston is entitled to a declaration that the Evanston Policy does not cover the claims and damages alleged in the Underlying Lawsuit against NW Classic based on the application of one or more policy terms, conditions, exclusions and/or limitations, specifically, the residential construction exclusion.

36. Evanston therefore has no duty to defend NW Classic in the Underlying Lawsuit and seeks an order allowing it to withdraw from the defense of NW Classic.

## VI. Second Cause of Action

### Declaratory Judgment that Evanston Shares the Cost of Defending NW Classic Equally with American

37. Evanston realleges paragraphs 1 through 32.

38. An actual controversy within the jurisdiction of the Court exists between Evanston and American regarding their respective responsibilities for the defense of NW Classic as an additional insured. American contends that Evanston is obliged to pay 100% of the costs of defending NW Classic. Evanston contends that, during any period of time that it is obliged to defend NW Classic, it and American share the cost of defending NW Classic equally.

39. Evanston is entitled to a declaration that it is not obliged to pay 100% of NW Classic's defense costs and that, during any period of time that it is obliged to defend NW Classic, it and American share the cost of defending NW Classic equally.

## VII. Third Cause of Action

### Declaratory Judgment that Evanston Has No Duty or a Limited Duty to Indemnify NW Classic

40. Evanston realleges paragraphs 1 through 32.

41. An actual controversy within the jurisdiction of the Court exists between Evanston and the Defendants, NW Classic, AmTrust, and American, regarding the

COMPLAINT FOR DECLARATORY JUDGMENT – Page 9
(2:22-cv-01454)

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

existence and scope of coverage under the Evanston Policy with respect to the claims and damages alleged in the Underlying Lawsuit against NW Classic. Evanston contends that any duty to indemnify NW Classic is 1) eliminated or limited by the residential construction exclusion, and 2) limited solely to the liability of NW Classic that arises out of ARH's acts or omissions and not to the liability of NW Classic that arises out of its own acts or omissions. NW Classic, AmTrust, and American contend that 1) the residential construction exclusion does not apply, and 2) NW Classic's coverage under the Evanston Policy extends to liability that arises from NW Classic's acts or omissions, not necessarily that liability that arises from ARH's acts or omissions.

42. Evanston is entitled to a declaration that the Evanston Policy does not cover or provides limited coverage for the claims and damages alleged in the Underlying Lawsuit against NW Classic based on the application of one or more policy terms, conditions, exclusions and/or limitations. Specifically, Evanston is entitled to a declaration that 1) Evanston has no duty to indemnify NW Classic because the residential construction exclusion eliminates coverage; and 2) Evanston's obligation, if any, to indemnify NW Classic is limited solely to the liability of NW Classic that arises out of ARH's acts or omissions and not to the liability of NW Classic that arises out of its own acts or omissions.

43. Evanston therefore has no duty or a limited duty to indemnify or to provide any coverage benefits to NW Classic in the Underlying Lawsuit under the Evanston Policy.

## VIII.   Fourth Cause of Action

**Declaratory Judgment as to How Policy Proceeds Should be Distributed/Allocated**

44. Evanston realleges paragraphs 1 through 32.

45. In the alternative, if the Court finds there is a duty to indemnify NW Classic, Evanston seeks a declaration from the Court as to how policy proceeds should be

/ / /

COMPLAINT FOR DECLARATORY
JUDGMENT – Page 10
(2:22-cv-01454)

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

distributed/allocated as between the named insured on the Evanston Policy, ARH, and the additional insured, NW Classic.

### IX. Prayer for Relief

WHEREFORE, Plaintiff Evanston prays for relief as follows:

1. For a declaration that Evanston has no duty to defend NW Classic as an additional insured under the Evanston Policy;

2. For a declaration that Evanston has no duty to indemnify NW Classic as an additional insured under the Evanston Policy;

3. For a declaration that Evanston has no duty to provide any other coverage benefits to NW Classic as an additional insured under the Evanston Policy;

4. For a declaration that Evanston may immediately cease with and withdraw from any further defense, indemnification, or other coverage benefits with regard to NW Classic as an additional insured under the Evanston Policy in connection with the Underlying Lawsuit;

5. For a declaration that Evanston is not obliged to pay 100% of NW Classic's defense costs but that, during any period of time that it is obliged to defend NW Classic, it and American share the cost of defending NW Classic equally.

6. In the alternative, if the Court finds that Evanston has some duty to indemnify NW Classic, for a declaration that Evanston's duty to indemnify NW Classic, if any, is limited to a duty to indemnify NW Classic solely for the liability of NW Classic that arises out of ARH's acts or omissions and not for the liability of NW Classic that arises out of its own acts or omissions;

/ / /

/ / /

/ / /

COMPLAINT FOR DECLARATORY JUDGMENT – Page 11
(2:22-cv-01454)

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

7. In the alternative, if the Court finds that Evanston has a duty to indemnify NW Classic, for a declaration as to how Policy proceeds should be distributed/allocated as between the named insured under the Evanston Policy, ARH, and the additional insured, NW Classic;

8. For an award of Evanston's reasonable attorney fees, costs and disbursements pursuant to any applicable contract, statute, or any principle in equity; and

9. For such other relief the Court deems just and equitable.

Respectfully submitted this 13th day of October, 2022.

**BODYFELT MOUNT LLP**

BY: ___s/ Richard A. Lee_____
Richard A. Lee, WSBA No. 17537
Email: lee@bodyfeltmount.com
319 SW Washington Street, Suite 1200
Portland, OR 97204
Phone: (503) 243-1022
Fax: (503) 243-2019

Of Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY JUDGMENT – Page 12
(2:22-cv-01454)

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019